UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


UNITED STATES OF AMERICA

v.                                        Case Nos.:   5:06cr15/MW/CJK
                                                     5:16cv175/MW/CJK


RICKEY ELLIOT ROULHAC,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Defendant Rickey Elliot Roulhac has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.   (ECF No. 100).   The Government filed a response in opposition.   (ECF No. 105).   Defendant filed a motion requesting leave to supplement his motion with legal authority, which the court granted.   (ECF Nos. 106, 107).   After a review of the record, the undersigned has determined that the motion is untimely and should be dismissed.

## BACKGROUND and ANALYSIS

In March 2006, Defendant pleaded guilty to a two-count indictment charging him with conspiracy to possess with intent to distribute more than 50 grams of a mixture and substance containing cocaine base (count one) and possession with

intent to distribute more than five grams of a mixture and substance containing cocaine base (count two) in violation of 21 U.S.C. §§ 841 and 846. (ECF Nos. 21, 22). According to the Presentence Investigation Report ("PSR"), Defendant faced a mandatory minimum term of life imprisonment for count one and a minimum term of 10 years' imprisonment for count two. (ECF No. 55, PSR ¶ 62). He had six prior felony drug convictions as well as other prior convictions for crimes of violence. (*See* ECF No. 55, PSR ¶¶ 31, 35, 36, 37, 38, 39). The PSR calculated a Guideline range of 360 months' imprisonment to life based on a total offense level of 37 and a criminal history category of VI. (ECF No. 55, PSR ¶ 63). Because the statutorily required minimum sentence of life was greater than the maximum applicable Guideline range, life became the Guideline sentence. *See* U.S.S.G. § 5G1.1(b). In addition, Defendant met the criteria for sentencing as a career offender under § 4B1.1(a), but the PSR noted that the original offense level calculated higher than the career offender provisions, 37 instead of 34, after acceptance of responsibility. (ECF No. 55, PSR ¶ 27). On June 16, 2006, the court sentenced Defendant to life imprisonment on each count, to be served concurrently, followed by a total of ten years of supervised release. (ECF Nos. 26, 27). In 2009, the Government filed a motion for Rule 35(b) relief based on

Case Nos.: 5:06cr15/MW/CJK; 5:16cv175/MW/CJK

Defendant's substantial assistance, which it later amended. (ECF Nos. 28, 30). On August 19, 2009, the court granted the Rule 35(b) motion and reduced Defendant's sentence to 300 months' imprisonment. (ECF No. 33).

Following the sentence reduction, Defendant filed additional motions seeking to compel the Government to file additional Rule 35(b) motions, which the court denied. (*See* ECF Nos. 38, 40, 41, 44). Defendant appealed the denial of one of these motions, and the Eleventh Circuit Court of Appeals dismissed the appeal for want of prosecution. (*See* ECF Nos. 50, 85). In January 2012, Defendant filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 750 of the Guidelines, which the court denied. (*See* ECF Nos. 71, 73, 74). Defendant appealed the denial, and the Eleventh Circuit affirmed. (ECF Nos. 76, 88). In November 2014, Defendant filed a motion for sentence reduction based on Amendment 782 of the Guidelines, which the court denied. (ECF Nos. 92, 97). In denying the motion, the court noted that it had not considered the career offender designation in reviewing Defendant's sentence. (ECF Nos. 97 at 2 n.1). Defendant filed a motion for reconsideration, which the court denied, noting that a lower sentence would not be sufficient in light of the aggravating factors in the case

and again noting that it did not address the issue of Defendant's possible designation as a career offender. (ECF Nos. 98 & 99 at 1 & 2 n.1).

Because Defendant did not appeal his conviction and sentence, his judgment of conviction became final on the date on which his time for doing so expired, fourteen days from the entry of judgment in this case. *See* Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. App. P. 26(a); *see Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000); *Ramirez v. United States*, 146 F. App'x 325 (11th Cir. 2005). Defendant's judgment of conviction became final on June 30, 2006, and to have been timely filed, a § 2255 motion had to be filed no later than one year from that date, or by July 2, 2007. Therefore, Defendant's motion dated May 20, 2016, and received by the clerk on June 23, 2016, is untimely on its face.[1]

---

[1] Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Case Nos.: 5:06cr15/MW/CJK; 5:16cv175/MW/CJK

In his motion, Defendant argues that he should be resentenced absent the career offender enhancement because his prior conviction for aggravated assault is no longer a "crime of violence" after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. at 100 at 25-27). The Government responds that Defendant's motion should be dismissed as untimely. The Government argues also that *Johnson* does not apply to Defendant's statutory minimum mandatory sentence or to his designation as a career offender. (ECF No. 105 at 8-9). Defendant alleges that his motion is timely under *Johnson*. The court will address Defendant's motion to the extent necessary to explain why *Johnson* does not render the motion timely.

Pursuant to the Armed Career Criminal Act ("ACCA"), a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a "violent felony" under the ACCA includes an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another (known as the elements clause) or (ii) is burglary, arson, or extortion, involves the use of explosives (known as the enumerated offenses clause) or otherwise involves conduct that presents a serious potential risk

of physical injury to another (known as the residual clause)." 18 U.S.C. § 924(e)(2)(B)(i) and (ii). An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4. In *Johnson*, the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. Thus, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses. The Supreme Court has held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016).

Defendant argues that the reasoning in *Johnson* which invalidated the ACCA's residual clause on vagueness grounds should extend to and invalidate the residual clause of the advisory Guidelines' definition of a "crime of violence." (ECF No. 100 at 14-17). *See* U.S.S.G. § 4B1.2(a). This argument is foreclosed by *Beckles v. United States*, 137 S. Ct. 886 (2017), in which the Supreme Court held that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause. *See also United States v. Matchett*, 802 F.3d 1185, 1194-96 (11th Cir. 2015) (holding that the Sentencing Guidelines cannot be challenged as unconstitutionally vague). The Government argues correctly that *Johnson* has no

bearing on the statutory minimum mandatory sentence of life originally imposed in Defendant's case or on his reduced 300-month sentence.    (ECF No. 105 at 8-9).

## CONCLUSION

Because Defendant's conviction became final years ago and *Johnson* does not apply to his sentence, his motion is untimely under § 2255(f)(1) and should be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

Case Nos.: 5:06cr15/MW/CJK; 5:16cv175/MW/CJK

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.  Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 100) be **DENIED** to the extent he seeks relief based on the Supreme Court's decision in *Johnson* and otherwise **DISMISSED as untimely**.

2.  A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 20th day of September, 2017.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case Nos.: 5:06cr15/MW/CJK; 5:16cv175/MW/CJK

## NOTICE TO PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.